1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW THOMAS RODRIGUEZ,              Case No. 2:25-cv-1309-DAD-CSK

12                  Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                           ON DEFENDANT'S MOTION TO DISMISS
13         v.                              AND SUA SPONTE DISMISSAL FOR
                                           FAILURE TO PROSECUTE
14   SACRAMENTO POLICE
     DEPARTMENT,                           (ECF No. 8)
15
                   Defendant.
16

17

18         Plaintiff Andrew Thomas Rodriguez, proceeding without the aid of counsel, filed

19   this action in Sacramento County Superior Court on April 3, 2025.[1] Compl. (ECF No. 1 at

20   6-18). On May 7, 2025, Defendant Sacramento Police Department removed this action

21   to this Court. Removal (ECF No. 1 at 1-5). On May 14, 2025, Defendant filed the

22   pending motion to dismiss and noticed it for a hearing on June 17, 2025. Def. Mot. (ECF

23   No. 8). That same day, Defendant re-noticed the motion for hearing on June 24, 2025.

24   (ECF No. 9.) On June 5, 2025, the Court issued an order vacating the hearing due to

25   Plaintiff's failure to file an opposition or statement of non-opposition to Defendant's

26   motion to dismiss in compliance with Local Rule 230(c). 6/5/2025 Order (ECF No. 10).

27   _____

28   [1]  This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and
     E.D. Cal. Local Rule 302(c)(21).

                                          1

The Court ordered Plaintiff to show cause in writing why the Court should not construe Plaintiff's failure to timely file an opposition as non-opposition to Defendant's motion and why this case should not be dismissed for failure to prosecute. *Id.* The Court also noted that multiple items mailed to Plaintiff had been returned as undeliverable and ordered Plaintiff to provide the Court with an updated address. *Id.* On June 30, 2025, Plaintiff filed a notice of change of address. (ECF No. 11.) Plaintiff did not file an opposition or statement of non-opposition.

Because it appeared that the Court's June 5, 2025 minute order was returned as undeliverable, the Court gave Plaintiff another opportunity to show cause in writing within seven days why the Court should not construe Plaintiff's failure to timely file an opposition as non-opposition to Defendant's motion and why this case should not be dismissed for failure to prosecute. 7/18/2025 Order (ECF No. 12). On August 4, 2025 Plaintiff filed a response to the order to show cause. Pl. Resp. (ECF No. 13.) In the response, Plaintiff stated he filed a notice of change of address with the Sacramento County Superior Court, and his case should not be dismissed because the Court failed to send his mail to the correct updated address. *Id.*

On August 11, 2025, the Court discharged the order to show cause, and provided Plaintiff one last opportunity to respond to Defendant's motion to dismiss. 8/11/2025 Order (ECF No. 14). Plaintiff was warned that further failure to comply with the Court's Local Rules and the Court's order by failing to file either an opposition or statement of non-opposition will be construed as non-opposition to the motion and will constitute grounds for dismissal under Federal Rule of Civil Procedure 41(b). *Id.* This order was served on Plaintiff by mail and by email. *Id.*; *see* Docket. Plaintiff did not file an opposition of statement of non-opposition to the motion. *See* Docket.

For the reasons that follow, the Court recommends this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Defendants' motion to dismiss (ECF No. 8) be DENIED as moot.

/ / /

2

1  **I.    LEGAL STANDARDS**

2         Under Federal Rule of Civil Procedure 41, a court may dismiss an action for

3  failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the

4  court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v.*

5  *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's

6  failure to follow the district court's local rules). This court's Local Rules are in accord.

7  *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these

8  Rules or with any order of the Court may be grounds for imposition by the Court of any

9  and all sanctions authorized by statute or Rule or within the inherent power of the

10  Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply

11  with the federal rules, local rules, or other applicable law may support dismissal of that

12  party's action). The court may act on its own accord in exercising this authority. *Hells*

13  *Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)

14  (approving sua sponte dismissals under Rule 41(b)).

15         The Ninth Circuit has found the following factors relevant in determining whether a

16  case should be dismissed under Rule 41(b):

17         (1) the public's interest in expeditious resolution of litigation;
18         (2) the court's need to manage its docket;
       (3) the risk of prejudice to the defendant(s);
19         (4) the availability of less drastic alternatives; and
       (5) the public policy favoring disposition of cases on their merits.
20

21  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

22  **II.    DISCUSSION**

23         Applying the factors for involuntary dismissal, the Court finds this action should be

24  dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in

25  favor of dismissal because the public has a strong interest in expeditious resolution of

26  litigation, and Plaintiff has failed to take the steps necessary to move this case forward

27  by failing to file an opposition or statement of non-opposition to the motion to dismiss

28

3

despite being provided multiple opportunities and extensions to do. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court issued three orders informing Plaintiff that he was required to file an opposition or statement of non-opposition to Defendant's motion to dismiss, providing deadlines for Plaintiff to file his response, and warnings that the failure to respond may result in a dismissal. *See* 6/5/2025 Order; 7/18/2025 Order; 8/11/2025 Order. The Court also re-served a courtesy copy of Defendant's motion to dismiss on Plaintiff (7/18/2025 Order; *see* Docket) and served the August 11, 2025 Order on Plaintiff via mail and email (8/11/2025 Order). Aside from Plaintiff updating his address (ECF No. 11) and responding to the July 18, 2025 order to show cause (Pl. Resp.), Plaintiff has otherwise not responded to Defendant's motion and has not requested additional time to do so. *See* Docket.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## **RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's action be DISMISSED;

2.    Defendant's motion to dismiss (ECF No. 8) be DENIED as moot; and

3.    The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, rodr.1309.25